■ In the Matter of NET REALTY HOLDING TRUST, Appellant, v CLERK OF THE DISTRICT COURT OF THE COUNTY OF SUFFOLK, THIRD DISTRICT, HUNTINGTON PART, et al., Respondents, and ANTHONY'S SUPERB PIZZERIA, INC., Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to compel the Clerk and Presiding Justice of the District Court of the County of Suffolk, Third District, Huntington Part, to issue a warrant to evict a tenant, the intervening respondent Anthony's Superb Pizzeria, Inc., for nonpayment of rent, the petitioner landlord appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Stark, J.), entered August 28, 1990, as imposed costs and sanctions against it.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents-respondents and the intervening respondent-respondent appearing separately and filing separate briefs.

In the underlying proceeding, the petitioner, Net Realty Holding Trust (hereinafter Net) sought to recover rents owing from one of its commercial tenants, Anthony's Superb Pizzeria, Inc. (hereinafter Anthony's). Following a trial, Net, by decision dated October 4, 1989 (Michell, J.), was authorized to enter a judgment in the amount of $3,728.16 together with a judgment of possession. Nine days later, on October 13, 1989, Anthony's deposited this sum with the court and obtained a stay of the proceedings pursuant to RPAPL 751. Despite this, Net did not serve Anthony's with the judgment until January 18, 1990, and only filed the judgment with the court on January 24, 1990. Anthony's deposited an additional $58.60 with the court representing disbursements on February 14, 1990.

Net sought, on three separate occasions, to obtain a warrant of eviction, and was advised on each occasion that a warrant could not issue because the funds owed were on deposit with the court. On one occasion, Net's attorneys were advised of the procedure to receive these funds and the Clerk of the court offered to send the appropriate forms to Net. This offer, however, was refused. Net instead opted to initiate the instant proceeding to compel issuance of a warrant of eviction.

The instant proceeding is clearly "frivolous" within the meaning of 22 NYCRR 130-1.1 (a) since it is "completely without merit in law or fact" and "cannot be supported by

a[ny] reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). We reject Net's vague contentions that it did not understand the consequences of the deposit with the court and its belief that it was entitled to a warrant of eviction by virtue of the judgment it obtained. The imposition of costs and sanctions under the circumstances was clearly warranted to compensate Anthony's and the Office of Court Administration and to deter frivolous applications. Thompson, J. P., Harwood, Balletta, Rosenblatt, and Eiber, JJ., concur.